## THOMAS T. JAMES *vs.* JOHN BLIGH.

A written receipt for money, showing that in consideration thereof the signer of it agreed to discharge a suit in court against the payer upon the latter's paying all legal costs therein, cannot be varied by proof that the oral agreement was that nothing should be paid for costs that would go to the attorney.

CONTRACT to recover eighty dollars, money had and received.

At the trial in the superior court, before *Brigham,* J., it appeared that on the 13th of January 1862 an agreement was made between the parties for the settlement of two actions against the present plaintiff, one of which was in favor of the present defendant, and the other was for his benefit, though brought in the name of another person; and James paid to Bligh eighty dollars, taking from him the following receipt: "Providence, Jan. 13th 1862.   $80.   Received of Thomas T James eighty dollars, for which I agree to discharge and have entered settled in court a suit which is now pending in court in Worcester County, Mass., against said Thomas T. James, after said James pays to my attorney, S. A. Burgess, all legal costs in said suit, meaning by this to settle all debts and demands I have against said James; also have the suit of James M. Curtis against said James entered settled, by James paying to you the legal costs on the same, as the eighty dollars were intended to settle that too.   John Bligh." On the same day Bligh gave James an order upon Mr. Burgess to discharge the actions, upon payment by James of "all costs that attend it except your fees."

The plaintiff introduced evidence tending to show that he agreed to pay the eighty dollars and "only the taxable costs going to the court, and nothing that went to Bligh's attorney," and that Bligh agreed to this; but afterwards the attorney and Bligh refused to discharge the suits without payment of full costs, and Bligh also refused to repay the eighty dollars.

The judge directed the jury to return a verdict for the defendant, which was accordingly done; and the plaintiff alleged exceptions.

*W. L. Southwick,* for the plaintiff.

*S. A. Burgess,* for the defendant.

GRAY, J. The paper called a receipt contained also a contract in writing, which was made binding on Bligh by his signature, and on James by being delivered to and accepted by him, and which shows that the consideration for Bligh's agreement to have the two suits then pending discharged was James's payment of eighty dollars and agreement to pay to Bligh's attorney " all legal costs" in those suits. In this aspect, it could no more be varied or controlled by oral evidence than any other written contract between the parties. *Brown* v. *Cambridge,* 3 Allen, 474. "All legal costs " in a suit clearly include charges for travel and attendance and other items that enure to the benefit of the attorney, as well as clerk's, officer's and witnesses' fees. If the order simultaneously delivered to James, signed by Bligh and addressed to his attorney, may be referred to in determining the construction of the contract contained in the receipt, it has no tendency to vary that construction, for its language — "he paying all costs that attend it except your fees " — is quite as consistent, to say the least, with including all taxable costs and omitting counsel fees which are not taxable, as with any other interpretation. *Exceptions overruled.*